# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KEITH JEFFERSON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 4:23-cv-485 |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DECLARATION OF GRETA RAVITSKY IN SUPPORT OF NATIONWIDE MUTUAL
INSURANCE COMPANY'S NOTICE OF REMOVAL**

Greta Ravitsky, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.     On January 27, 2023, Plaintiff, Keith Jefferson ("Jefferson" or "Plaintiff") filed his Original Petition in a case styled *Keith Jefferson v. Nationwide Mutual Ins. Co.*, Cause No. 2023-05605/Court 270, Judicial District Court of Harris County, Texas.  That Original Petition is attached hereto as Exhibit 1.

2.     Nationwide has retained my law firm to represent its interests in the lawsuit that Mr. Jefferson has filed.

3.     Attached hereto as Exhibit 2 is the docket sheet from the Judicial District Court of Harris, County Texas in Cause No. 2023-05605.  The only entry on this docket sheet is the filing of Mr. Jefferson's Original Petition.

4.     Attached hereto as Exhibit 3 is an article dated February 1, 2023 entitled "Former Nationwide Attorney Sues Insurer, Claiming Discrimination," from a publication called *P&C Specialist*.

5.      Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio.

6.      Attached hereto as Exhibit 4 is a settlement demand letter dated December 21, 2022 from Mr. Jefferson to a member of the legal department of Nationwide Mutual Insurance Company.

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Greta Ravitsky*
Greta Ravitsky

Executed on February 9, 2023

# EXHIBIT 1

1/27/2023 3:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72232109
By: Monica Jackson
Filed: 1/27/2023 1:01 PM

# 2023-05605 / Court: 270

## CAUSE NO. _____

| | | |
|---|---|---|
| KEITH JEFFERSON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT, |
| | § | |
| NATIONWIDE MUTUAL INS. CO. | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff Keith Jefferson, (hereinafter, Plaintiff") complaining of Defendant NATIONWIDE MUTUAL INSURANCE COMPANY (hereinafter, "Defendant" or "NATIONWIDE"), and in support of his causes of action would respectfully show the Court as follows

### I.
### DISCOVERY LEVEL

Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure. Discovery will require an investigation into any and all employment data related to this matter.

### II.
### PARTIES

Plaintiff Keith Jefferson is an individual who resides in Harris County, Texas. At all times relevant to the allegations in this Original Petition, Plaintiff was an employee of the Defendant. At all times relevant to the allegations in this Original Petition, Plaintiff's employment was protected by the Texas Commission on Human Rights Act (TCHRA) within Chapter 21 of the Texas Labor Code.

Defendant Nationwide Mutual Insurance Company, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, 211 E 7TH Street, Suite 620, Austin, Texas 78701.

## III.
## JURISDICTION AND VENUE

Venue is proper in Harris County, Texas, pursuant to Section 15.02(a) (1), as all or substantial part of the events or omissions giving rise to this claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code§ 15.002 (a)(2).

The Court has jurisdiction over this matter in accordance with the Texas Civil Practices and Remedies Code, and the amount in controversy is within the jurisdictional limits of the Court.

## IV.
## NOTICE OF FACTS

Plaintiff was employed with Nationwide from November 2016 to August 13, 2021. He started as Trial Attorney and worked his way up to Senior Trial Attorney. As a Senior Trial Attorney, Plaintiff engaged with clients and claims to establish and implement litigation plan and strategies for successful resolution of a case.  Plaintiff provided client and claims with important information needed to make informed decisions about the best defense strategy. He fostered and developed relationships with claims adjusters, managements, and colleagues. He prepared and tried cases of high complexity and exposure in all courts and agencies including cases involving personal and commercial vehicles, personal and commercial property, extensive injuries, permanent injuries, and/or ongoing treatment.   He also engaged in extensive negotiations of claims. He obtained meaningful discovery, took depositions, and participated in

motion practice as warranted. He collaborated with other attorneys on legal research, motion practices, defense strategies, litigation plans, deposition practices, and trial practices and techniques.

On August 13, 2021, Plaintiff resigned from his employment with Nationwide as Senior Trial Attorney. Plaintiff also had an expectation of receiving his 2021 Performance Incentive Compensation Plan ("PIP Policy or Incentive Plan"), which he did not. In March of 2021, Plaintiff discovered that a former employee, white female, who previously resigned the same year received her incentive compensation. The white female worked at the same office, did same work, and resigned, but worked for two (2) weeks in 2021 and received a letter from Nationwide HR dated March 1, 2022 explaining her PIP payout for 2021, which was deposited in her account on March 11, 2022. On or about, May 5, 2022, Plaintiff received a letter from Defendant rejecting Plaintiff's request for payout of his PIP. The PIP policy advantage individuals of a certain race and age, who resigned, and did not retire, which violates Sec. 21.051 of the Texas Labor Code, which states as follows:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
> (1)   fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
> (2)  limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

The policy is inherently discriminatory, has a disparate impact as written, and has an unintentional and adverse effect on members of a protected class, in this case "race and age". There is no legitimate business interest for the policy of providing the benefit to some employees and not all others based on race and age. The PIP policy is a way to arbitrarily misrepresent its

3

retention rate and turnover as being more favorable than it is.

Plaintiff is a race (black) male and age (45). During his time with Nationwide, he was subject to and privy to a workplace culture of patterns and practices of discriminatory actions, and the PIP policy falls within that culture and is patently discriminatory. Any organizational policy and practice that favors any specific group over another is discrimination at its core. Discovery will include a request for hiring data, discrimination claims, salary and incentive compensation, retention data, diversity policies, and public action against agism and racism. Because of the disparate treatment and discrimination, Plaintiff has been disadvantaged and suffered damages.

**V.**
**EXHAUSTION OF ADMINSTRATIVE REMEDIES**

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which has concurrent jurisdiction to hear claims brought under state law for the same reasons. The EEOC issued Plaintiff a Right-to Sue Notice on September 29, 2022. In Plaintiff's Charge, he asserted that Defendant discriminated against him based on his race (African American) and age (45).  On December 20, 2022, the parties entered a tolling agreement on the filing of a lawsuit on this matter. It is set to expire on January 29, 2023. Plaintiff exhausted his administrative remedies and files this suit within the statutory limitations period. All conditions precedent to the filing of this lawsuit has occurred.

**VI.**
**CAUSES OF ACTION**

**A. <u>Race Discrimination in Violation of the Texas Commission on Human Rights Act (TCHRA)</u>**

Defendant violated Plaintiff's rights under the TCHRA by discriminating against in his terms of employment based on his race (African-American/Black) in failing to compensate

4

him fairly in the incentive plan as done with other similarly situated Caucasian employees. This racial discrimination is a pattern and practice that had been shown on several occasions in the culture, hiring practices, operations, dealings, promotion practices, reduction in force of blacks or people of color, and finally the distribution of the PIP payout.  This was seen, witnessed and experienced by many other workers.

Defendant had no legitimate business reasons for any of its acts of discrimination against Plaintiff. Each act of race discrimination is in violation of the TCHRA provisions. Defendant's acts were malicious, reckless, and intentional and consisted of discrimination of a continuous nature. Further, Defendant's discrimination, through its agents, supervisors, or employees, led to the loss and impairment in whole or part, of benefits and privileges. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to suffer mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**B. <u>Age Discrimination in Violation of the Texas Commission on Human Rights Act (TCHRA)</u>**

Defendant violated Plaintiff's rights under the TCHRA by discriminating against his terms of employment based on his age (45) in failing to compensate him fairly in the incentive plan as done with other similarly situated employees of a certain age. These differences in treatment based on age amounts to violations under the TCHRA which consist of discrimination of a continuous nature.

Defendant had no legitimate business reasons for any of its acts of discrimination against Plaintiff based on age. Each act of age discrimination is in violation of the TCHRA

provisions.

Defendant's acts were malicious, reckless, and intentional and consisted of discrimination of a continuous nature. Further, Defendant's discrimination, through its agents, supervisors, or employees, led to the loss and impairment in whole or part, of benefits and privileges. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

As a direct and proximate result of Defendant's willful, knowing, and intentional age discrimination against him, Plaintiff has suffered and will continue to suffer mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against him, Plaintiff has suffered and will continue to suffer mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## VII.
## JURY DEMAND

Plaintiff requests that this action be heard before a jury and will pay the jury fee as required by the Rules.

## VIII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.      All damages to which Plaintiff may be entitled pursuant to this Original
        Petition, or any amendment(s) thereto, including but not limited to

incentive, bonus, interest, benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

b.    Compensatory damages for pain and mental suffering in the past;

c.    Punitive damages in an amount above the minimum jurisdictional limit of theCourt;

d.    Reasonable attorney's fees, with conditional awards in the event of appeal;

e.    Pre-judgment interest at the highest rate permitted by law;

f.    Post-judgment interest from the judgment until paid at the highest ratepermitted by law;

g.    Costs of court and expert witness fees incurred by Plaintiff in the preparationand prosecution of this action; and such other and further relief, at law or in equity, to which Plaintiff may beentitled, whether by this Petition or by any amendment hereto.

Respectfully submitted,

*Isl Keith Jefferson*
Keith Jefferson
Texas State Bar No 24038979
14935 Havenvale Ln.
Houston, Texas 77049
Telephone: 713-410-7956
Email: kajeffrs@gmail.com

7

# EXHIBIT 2

**HCDistrictclerk.com**    JEFFERSON, KEITH vs. NATIONWIDE MUTUAL                2/9/2023
                           INSURANCE COMPANY
                           Cause: 202305605        CDI: 7      Court: 270

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## SERVICE
No Service found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 1/27/2023 | **Court** | 270th |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 13) |
| **Case (Cause) Status** | Active - Civil | | HOUSTON, TX 77002 |
| **Case (Cause) Type** | DISCRIMINATION | | Phone:8329272270 |
| **Next/Last Setting Date** | N/A | **JudgeName** | DEDRA DAVIS |
| **Jury Fee Paid Date** | 1/27/2023 | **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| JEFFERSON, KEITH | PLAINTIFF - CIVIL | | |
| NATIONWIDE MUTUAL INSURANCE COMPANY | DEFENDANT - CIVIL | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 1/27/2023 | ORIGINAL PETITION | | | 0 | | | JEFFERSON, KEITH |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 106242293 | Plaintiff's Original Petition | | 01/27/2023 | 7 |

Case 4:23-cv-00485   Document 1-1   Filed on 02/09/23 in TXSD   Page 15 of 21

**Chronological Case History**

| Style | JEFFERSON, KEITH vs. NATIONWIDE MUTUAL INSURANCE COMPANY | | | | |
|---|---|---|---|---|---|
| **Case Number** | 202305605 | **Case Status** | Active - Civil | **Case Type** | DISCRIMINATION |
| **File Court** | 270 | **File Date** | 1/27/2023 | **Next Setting** | N/A |

| Date | Type | Description |
|---|---|---|
| 1/27/2023 | DOCUMENT | ORIGINAL PETITION **COURT:** 270 **PERSON FILING:** JEFFERSON, KEITH |

# EXHIBIT 3

2/1/23, 9:14 AM          P&C Specialist - Print Content Page



# Former Nationwide Attorney Sues Insurer, Claiming Discrimination

According to the lawsuit, the former company attorney did not receive a 2021 performance and incentive bonus and was rejected for such a payment when he inquired about it. In contrast, a white female colleague who resigned after working just two weeks in 2021 received a payout, the complaint says.

By Ron Shinkman   |   February 1, 2023

A former **Nationwide** trial attorney has sued the insurer, alleging it discriminated against him.

**Keith Jefferson** filed the lawsuit late last week in state court in Houston (*Keith Jefferson v. Nationwide Mutual Insurance Co.*, Case #2023-05605).

Jefferson, who is Black, was employed by Nationwide from November 2016 to August 2021, when he resigned. He took a lead supervising attorney with **Chubb** that same month. Jefferson is representing himself, court records show.

According to the lawsuit, Jefferson did not receive a 2021 performance and incentive bonus and was rejected for such a payment when he inquired about it.

However, a white female colleague who resigned after working just two weeks in 2021 received a payout. The suit contends that the disparity in the payout policy gives an advantage to "individuals of a certain race and age" and therefore violates Texas anti-discrimination laws.

"During his time with Nationwide, (plaintiff) was subject to and privy to a workplace culture of patterns and practices of discriminatory actions, and the PIP policy falls within that culture and is patently discriminatory," the lawsuit states. "Any organizational policy and practice that favors any specific group over another is discrimination at its core."

The **U.S. Equal Employment Opportunity Commission** granted Jefferson's request to sue last September, the lawsuit claims.

In a statement, a Nationwide spokesperson confirmed the carrier is aware of the complaint. The company representative stressed the firm's commitment to diversity and inclusion, and noted Nationwide would defend itself in court.

"We are aware of the lawsuit and are reviewing the allegations. Nationwide does not engage in or tolerate any type of workplace discrimination and has a strong culture that supports diversity, equity and inclusion," the Nationwide spokesperson said. "We will vigorously defend the company against these claims."

It's unclear at this stage in the suit whether the insurer plans to remove the case to federal court.

P&C Specialist - Print Content Page

*P&C Specialist is a copyrighted publication. P&C Specialist has agreed to make available its content for the sole use of the employees of the subscriber company. Accordingly, it is a violation of the copyright law for anyone to duplicate the content of P&C Specialist for the use of any person, other than the employees of the subscriber company.*

An Information Service of Money-Media, a Financial Times Company

# EXHIBIT 4

**CONFIDENTIAL**

**Keith A. Jefferson**
**14935 Havenvale Ln**
**Houston, TX  77056**
**Telephone: (713) 410-7956**
**Email:  kajeffrs@gmail.com**

**December 21, 2022**

***Via Email –*** **krausk@nationwide.com**
**Counsel**
**Office of the Chief Legal Officer**
**Corporate Operation & Litigation Legal**
**Employment Consulting & Litigation Team**
**One Nationwide Plaza**
**Columbus, Ohio 43215-2220**

**Re:     AMENDED DEMAND LETTER and Pending Lawsuit for Discrimination**
**Texas Rule of Evidence 408 Settlement Negotiation**
**CONFIDENTIAL**

Dear Ms. Kraus:

In light of our recent email exchanges, you indicated there might be a dispute regarding the PIP calculation. I had an opportunity to re-evaluate the calculation, conduct additional research on my claim and seek some legal consultation regarding overall damages. This letter serves to provide notice of my **amended demand to address the full value and extent of the damages I am requesting**.

First, I am demanding the full year of my 2021 PIP pay-out of <u>$36,105.00,</u> based on the following calculation below:

| Plan | Scorecard | Begin Date | End Data | Proration | Award Basis | Target Percent | Target Opportunity | Business Scorecard | Payout | Payout Target |
|------|-----------|-----------|----------|-----------|-------------|----------------|--------------------|--------------------|--------|---------------|
| PIP | Corporate | 1/1/2021 | 12/31/2021 | 1.00 | $145,000 | 15% | $21,750.00 | 1.82 | $36,105.00 | 166% |

I am also demanding compensation for approximately <u>$15,000 for the loss I incurred in my 401k</u> from being compelled to leave short of (5) years to be fully vested. Given the additional distress that has been incurred with this matter and what I will demand at trial, I am also demanding the maximum compensatory and punitive damages permitted in Texas, which is <u>$300,000.</u>[1] If this claim proceeds further, I will be demanding unpaid PTO, wage differential losses, attorney fees and cost, pre- and post-judgment interest, and any other damages permitted in law and equity. ***As such, this letter serves as an amended and full demand for*** <u>***$351,105.00***</u> ***for all damages related to this matter, including but not limited to the PIP payout, loss 401k, and compensatory and punitive damages I am entitled to recover.***

Given the tolling agreement that has been executed, I believe I have afforded Nationwide more time to fully consider all the tangible and intangible variables for my claim, which includes the Harris County jurisdiction/venue, the disclosures of confidential compensation information during discovery, the risk

---

[1] For employers with 201-500 employees, the limit is $200,000. For employers with more than 500 employees, the limit is $300,000.

1

**CONFIDENTIAL**

of other potential claimants, and public impact on Nationwide's standing as a reputable Fortune 500 company. I am first prepared to address my truth with all major Columbus, Ohio media outlets-- Columbus Underground, Columbus Dispatch, ThisWeek Community News Ohio, WCMH-TV, WTTE-TV Fox 28 New, etc.

I know that a request has been made for me to speak to an investigator with OAR, which could require me to *retain* legal representation (something I was trying to avoid). I have already provided the name of a fact witness to support my allegations, and the existence of my diary corroborating the pattern and practices of discrimination.[2] Likewise, there are already previous documented complaints by other employees on record with HR as well.

I extended the filing of my petition so that Nationwide can investigate and evaluate this matter. I have not obtained any consideration for providing pre-suit discovery that is not reciprocated.  I am open to discussing and agreeing to speaking to OAR, but this is predicated on a solid response to my current demand. If my full demand is met, I am open to a very transparent and candid conversation with OAR.

I know this *new demand* might leave you with some distress; however, this matter has consumed a lot of my time and emotional energy. Sincerely, if Nationwide is the company that it claims to be, I hope that it can honor its references in the tolling agreement in working to settle this matter in good faith, whether informally or mediation.

Ms. Kraus, I sense a level of care in your handling of this matter so far. I pray that Nationwide will do right by this case and will honor the commitment I had to the organization as a diligent employee. I look forward to your response. Should you have any question or desire to discuss, please do not hesitate to contact me.

*Keith Jefferson*

_____

Keith A. Jefferson

---

[2] The allegations already mentioned would support a prima facia case of discrimination. The Fourth Circuit did not hold that evidence of a pattern or practice is irrelevant to an individual claim of discrimination; rather, the court specifically stated that such evidence could be "useful and relevant" to state a prima facie case of discrimination.